**SO ORDERED.**

**SIGNED this 31 day of January, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

**IN RE:**

**AMERICAN CREDIT COMPANY,**   Case No. 06-02189-8-JRL

    **Debtor.**

**AMERICAN CREDIT COMPANY,**

    **Plaintiff,**

        **Adversary Proceeding No.**
    **v.**        **L-07-00106-8-AP**

**RACHEL R. HARLOW, and
JAMES T. HARLOW,**

    **Defendants.**

### ORDER

This case is before the court on a motion to dismiss filed by defendant James T. Harlow. On January 30, 2008, the court held a hearing on this matter in Raleigh, North Carolina.

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may

hear and determine.

American Credit Company ("debtor") filed a voluntary Chapter 11 petition on July 21, 2006. On September 26, 2007, the debtor instituted this adversary proceeding to avoid and recover approximately $50,000.00 in alleged preferential payments under 11 U.S.C. § 547 and/or fraudulent transfers under 11 U.S.C. § 548(a) made to Rachel Harlow and James Harlow. These payments were made pursuant to the terms of a registered debenture note held by Rachel Harlow and James Harlow. James Harlow's present motion to dismiss argues that the trustee cannot meet its burden of establishing a preferential payment because he was not owed an antecedent debt by the debtor.

Under Federal Rule of Civil Procedure 12(b)(6), made applicable by Bankruptcy Rule 7012(b)(6), a complaint should not be dismissed for failure to state a claim upon which relief can be granted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41 (1957). In making that determination, the court must accept as true all pleaded allegations and view the complaint in the light most favorable to the plaintiffs. Hatfill v. The New York Times Co., 416 F.3d 320, 329 (4th Cir. 2005).

James Harlow contends that Rachel Harlow was the sole beneficiary of the alleged transfer under the debenture note, and therefore the trustee cannot show that the debtor owed him an antecedent debt. However, the debenture note was not filed with either the complaint or the answer. To verify this would require the court to consider matters outside the pleadings and resolve a fact-dependent question, something the court is forbidden to do when considering a Rule 12(b)(6) motion. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). The court finds that the pleadings in the complaint are sufficient to state a claim upon which relief can be granted.

**END OF DOCUMENT**